UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 18-CV-60912-BB

TROPICAL PARADISE RESORTS, LLC d/b/a
RODEWAY INN & SUITES,
A Florida Limited Liability Company

      Plaintiff,

v.

JBSHBM, LLC,
A Florida Limited Liability Company,
POINT CONVERSION, LLC,
A Delaware Limited Liability Company

      Defendants.
_____/

**DEFENDANT, JBSHBM, LLC'S MOTION FOR SANCTIONS AGAINST TROPICAL PARADISE RESORTS, LLC d/b/a RODEWAY INN & SUITES, REED SMITH LLP, EDWARD MULLINS, ANA BARTON, AND JOHN BOVITCH**

Defendant, JBSHBM, LLC's pursuant to Rule 11, Federal Rules of Civil Procedure, hereby moves for sanctions against Plaintiff, TROPICAL PARADISE RESORTS, LLC, and its counsel, Reed Smith LLP, and Edward Mullins, Esquire, Ana Barton, Esquire, and John Bovitch, Esquire, and as grounds thereof, states as follows:

**FACTUAL BACKGROUND**

JBSHBM, LLC is the owner of thirty-one (31) patents relating to loyalty reward point innovations. [DE 20, ¶ 18]. In July 2017, JBSHBM contacted several Choice Hotels franchisees by letter claiming it was infringing on JBSHBM's patents. *Id*. ¶ 22. JSBHBM sent letters to certain Choice Hotels franchisees stating that it was infringing upon its patents. *Id*. ¶¶ 23, 24.

On September 1, 2017, JBSHBM entered into an agreement with Point Conversions, granting Point Conversions the exclusive right to use JBSHBM's patents. *Id*. ¶ 20. On February

1

18, 2018, Point Conversions sent a demand letter to Rodeway attaching a letter JBSHBM directed to certain Choice hotel franchisees. *Id*. ¶ 27. Point Conversions obtained a copy of JBSHBM's notice letter and forwarded it to Rodeway as an attachment to its own demand letter. *Id*. ¶ 28. The demand letter requested that Rodeway cease the infringement. *Id*. ¶ 29. Rodeway did not cease the infringement. *Id*. ¶ 33. Rodeway alleges that it fears JBSHBM will sue it for infringement. *Id*. ¶ 40.

Rodeway is bringing this Federal Action for the purpose of invalidating JBSHBM's 174 Patent that it licensed to Point Conversions, and Violations of the Patent Troll Prevention Act.

## **STANDARD**

Pursuant to Federal Rule of Civil Procedure 11(b), any individual who files a pleading, written motion, or other paper with the Court implicitly certifies that, to the best of that person's knowledge after a reasonable inquiry:

> (1) [the paper] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Regarding Rule 11's "safe harbor" provision and requirement to file a motion for sanctions by separate order, Rule 11(c)(2) provides as follows:

> Motion for Sanctions. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the

2

motion.

The purpose of Rule 11 sanctions is to "reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." *Kaplan v. DaimlerChrysler, A. G.,* 331 F.3d 1251, 1255 (11th Cir.2003) (quoting *Massengale v. Ray,* 267 F.3d 1298, 1302 (11th Cir.2001)). *See also Didie v. Howes,* 988 F.2d 1097, 1104 (11th Cir.1993) ("**Rule 11** sanctions are designed to 'discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses ... They 'may be imposed for the purpose of deterrence, compensation and punishment.' ") (citations omitted).

Rule 11 sanctions are warranted in three scenarios: (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose. *See Didie,* 988 F.2d at 1104 (citations omitted); *Kaplan,* 331 F.3d at 1255 (citations omitted).

## ARGUMENT

### A.   Rodeway's Declaratory Judgment Claims were frivolous.

Rodeway brought Declaratory Judgment claims against JBSHBM seeking to invalidate its patents. Rodeway's declaratory judgment claims against JBSHMB were frivolous.

The Declaratory Judgment Act does not create an independent basis for subject matter jurisdiction. Rather, it provides a remedy only if there exists an actual case or controversy between the parties. *Matthews Int'l Corp. v. Biosafe Eng'g, LLC*, 695 F.3d 1322, 1327-28 (Fed. Cir. 2012). Where, as here, the action is one for declaratory judgment concerning patent infringement, Federal Circuit law governs the existence of a case or controversy. *Ass'n for Molecular Pathology v. United*

*States PTO*, 689 F.3d 1303, 1318 (Fed. Cir. 2012) (internal quotation marks and citation omitted), *reversed-in-part on other grounds sub nom. Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 133 S. Ct. 2107 (2013).The Declaratory Judgment Act provides, in relevant part, that

> [i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.
>
> 28 U.S.C. § 2201(a).

Whether a case satisfies Article III's case-or-controversy requirement depends on whether "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007); *accord Ass'n for Molecular Pathology*, 689 F.3d at 1318 (quoting *MedImmune*).

"Although *MedImmune* relaxed [the Federal Circuit]'s more restrictive reasonable apprehension of suit test for declaratory judgment jurisdiction, it did not alter the bedrock rule that a case or controversy must be based on a *real* and *immediate* injury or threat of future injury that is *caused by the defendants*[.]" *Ass'n for Molecular Pathology*, 689 F.3d at 1319 (emphasis in original) (internal citation and quotation marks omitted) (quoting *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1339 (Fed. Cir. 2008)). In the post-*MedImmune* world, declaratory-judgment plaintiffs must still show:

> (1)   an affirmative act by the patentee related to the enforcement of his patent rights . . . and
>
> (2)   meaningful preparation [by the declaratory-judgment plaintiff] to conduct potentially infringing activity.

*Id.*, 689 F.3d at 1318 (internal citations omitted); *Proofpoint, Inc.*, 2011 WL 4915847, at *2

4

(quoting *Ass'n for Molecular Pathology*).

A declaratory-judgment Plaintiff must show that the required "affirmative acts" of the patentee were directed at that plaintiff, not just broad and widespread enforcement activity. *Ass'n for Molecular Pathology*, 689 F.3d at 1323 (reversing grant of jurisdiction for all plaintiffs except the one to whom the patentee specifically directed acts). In *Ass'n for Molecular Pathology v. U.S. Patent and Trademark Office*, the court made it clear that in order for a court to exercise jurisdiction over a claim for declaratory relief, the patent holder must engage in affirmative acts "directed at specific plaintiffs." 653 F.3d 1329, 1348 (Fed. Cir. 2011).

"In order to establish an 'actual controversy' based on enforcement activity by a patent holder, the plaintiff seeking declaratory judgment must show that the patent holder took some affirmative acts directed at that plaintiff, not just broad and widespread enforcement activity." *Adobe Systems Inc. v. Kelora Systems LLC*, 2011 WL 6101545, at *4 (N.D. Cal., Dec. 7, 2011) (citing *Ass'n for Molecular Pathology*); *Proofpoint, Inc. v. InNova Patent Licensing, LLC*, 2011 WL 4915847, at *3 (N.D. Cal., Oct. 17, 2011) (relying on *Ass'n for Molecular Pathology* to find no affirmative acts supporting declaratory judgment jurisdiction where there were no allegations that the patent holder "claimed a right to a royalty from [the supplier], sent [the supplier] a cease-and-desist letter, or communicated with [the supplier's] employees").

For the second factor, a declaratory-judgment plaintiff "must allege significant, concrete steps to conduct infringing activity." *Organic Seed Growers & Trade Ass'n v. Monsanto Co.*, 718 F.3d 1350, 1359-60 (Fed. Cir. 2013) (internal quotation marks and citation omitted). Without such concrete steps "the dispute is neither 'immediate' nor 'real' and the requirements for justiciability have not been met." *Ours Tech., Inc. v. Data Drive Thru, Inc.*, 645 F. Supp. 2d 830, 836 (N.D. Cal. 2009).

The harm declaratory-judgment plaintiffs must face is legal harm, such as the risk of its own infringement liability, rather than simply economic harm, such as a loss of business caused by customer fears. *Arris Group, Inc. v. British Telecommunications PLC*, 639 F.3d 1368, 1374 (Fed. Cir. 2011); *Microchip Tech. Inc. v. Chamberlain Group, Inc.*, 441 F.3d 936, 942-44 (Fed. Cir. 2006)).

Here, the record evidence and pleadings prove that JBSHBM has never threatened, approached, or even spoken with Rodeway. Instead, Point Conversions directed communications to Rodeway, including a letter JBSHBM directed to other Choice Hotels franchisees other than Rodeway. [DE 20, ¶¶ 27, 28]. JBSHBM sent letters to certain franchisees informing them that they had been violating its patents. However, at no time did JBSHBM ever communicate or direct any correspondence or demands to Rodeway. If JBSHBM sought to direct communications or demands towards Rodeway, it simply could have done so. It did not. Here, because JBSHBM did not direct any communications to Rodeway, the Declaratory Judgment claims, Counts One, Two, and Three were frivolous. *Ass'n for Molecular Pathology*, 689 F.3d at 1323. Accordingly, Rodeway should be sanctioned for the filing of the frivolous claims.

Additionally, there was no case or controversy because JBSHBM covenanted not to sue Rodeway for patent infringement. D.E. 22-1. In *Benitec Australia, Ltd. v. Nucleonics, Inc.,* 495 F.3d 1340, 1344 (Fed.Cir.2007) the Federal Circuit held that the withdrawal of the complaint along with the covenant not to sue demonstrated a lack of declaratory judgment jurisdiction. *Id.* at 1347–48. However, the defendant also argued that its declaratory judgment claim encompassed its developing technology and wanted protection from a claim by the plaintiff of patent infringement. *Id.* at 1348. The Federal Circuit rejected this claim for jurisdiction, noting that the defendant had failed to show it was "engaged in any present activity that could subject it to a claim of

6

infringement" and therefore there was no showing of "sufficient immediacy" to support jurisdiction *Id.* at 1348–49.

Similarly, in *Ameritox, Ltd. v. Aegis Services Corp.*, 2009 WL 790116 (S.D. Fla. March 24, 2009), Defendants had sued Plaintiffs for invalidity of patents. Plaintiffs served Defendant a covenant not to sue, stating that UDT and Ameritox promises and covenants not to sue Aegis for infringement of the 788 Patent and/or 136 Patent with respect to Aegis current Paincomp Pain Medication Compliance Testing. Plaintiffs moved to dismiss based upon lack of subject matter jurisdiction, arguing that the covenant not to sue eliminated any case or controversy between the parties regarding the patents and Defendant's declaratory judgment counterclaims should be dismissed. The court held that there was no justiciable case regarding Paincomp because Plaintiffs dismissed the patent infringement claims and provided Defendant with a covenant not to sue.

Because JBSHBM has provided Rodeway a covenant not to sue for patent infringement relating to the devices at issues in this case, there was no case or controversy between Rodeway and JBSHBM. As such, Rodeway should have dismissed JBSHBM from the lawsuit after receipt of this covenant. It did not, and it should be sanctioned for making JBSHMB defend against such claims.

      **B.**      **Rodeway's claim for a violation of the Patent Troll Prevention Act has no merit.**

Rodeway alleges that JBSHBM violated *Fla. Stat.* § 501.993. This statute provides, a person may not send a demand letter to a target which makes a bad faith assertion of patent infringement. A demand letter makes a bad faith assertion of patent infringement if it:

      (1)      Includes a claim that the target, or a person affiliated with the target, has infringed a patent and that the target is legally liable for such infringement; and

      (2)      Meets one or more of the following criteria:

7

(a) The demand letter falsely asserts that the sender has filed a lawsuit in connection with the claim.

(b) The demand letter asserts a claim that is objectively baseless due to any of the following:

1. The sender, or a person whom the sender represents, lacks a current right to license the patent to, or enforce the patent against, the target.

2. The patent is invalid or unenforceable pursuant to a final judgment or an administrative order.

3. The infringing activity alleged in the demand letter occurred after the expiration of the patent.

(c) The demand letter is likely to materially mislead a reasonable person because it does not contain sufficient information to inform the target of all of the following:

1. The identity of the person asserting the claim, including the name and address of such person.
2. The patent alleged to have been infringed, including the patent number of such patent.
3. At least one product, service, or technology of the target alleged to infringe the patent, or at least one activity of the target which is alleged to infringe the patent.

The cause of action had no merit. The letter attached to the First Amended Complaint establishes that JBSHBM did not send any demand letter to Rodeway making an infringement assertion. [DE 20-2]. Rodeway even alleges that it was Point Conversions that sent the patent infringement letter to it. [DE 20, ¶¶ 27, 72]. Instead, the letter attached to the First Amended Complaint is nothing other than a blank letter that JBSHBM drafted.

The record evidence and pleadings establish that JBSHBM's draft letter was sent by Point Conversions to Rodeway. The fact JBSHBM is alleged to be partners [which is untrue] with Point Conversions would not result in liability to JBSHBM for Point Conversions' alleged torts or violations. These are separate companies that operate independently. Because the exhibit attached to the Complaint, which is part of the pleading, does not establish that JBSHBM directed a patent infringement letter to Rodeway, the claim for a violation of *Fla. Stat.* § 501.993 lacked any merit.

The time period provided by the statutory "safe-harbor" provision of Rule 11 permitting Plaintiff and its agent and attorneys to comply with the demands per letter and proposed motion, which was served on June 11, 2018, passed with no compliance by either Plaintiff, or its agent/attorneys.

Pursuant to Rule 11, Defendant, JBSHBM, files the instant Motion and demands the assessment of attorneys' fees against both the Plaintiff and its counsel, Reed Smith, LLP, Ed Mullins, Esquire, Ana Barton, Esquire and John Bovitch, Esquire, for having to defend against the claims; for the preparation and filing of this Motion; prejudgment interest as provided by Rule 11, and for all other attorneys' fees and other relief provided by applicable law, and Rule 11, and decisional law thereunder.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of JBSHBM LLC's proposed motion for sanctions was served VIA US MAIL and EMAIL this 26th day of July 2018.

Edward M. Mullins
Email:  emullins@reedsmith.com
Ana B. Barton
Email abarton@reedsmith.com
REED SMITH LLP
1001 Brickell Bay Drive
 9th Floor
Miami, FL 33131

John P. Bovich
Email:  jbovich@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA  94105-3659

                        SOLNICK LAW P.A.
                        17501 Biscayne Boulevard, Suite 420
                        Aventura, FL 33160
                        Tel: 305-629-6530
                        Email: pete@solnicklaw.com

                        /s/ *Peter J. Solnick*
By: _____
                        Peter J. Solnick, Esq./Fla. Bar. 670006