UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-60912-BLOOM/Valle

TROPICAL PARADISE RESORTS, LLC, d/b/a
RODEWAY INN & SUITES, a Florida Limited
Liability Company,

    Plaintiff,

v.

JBSHBM, LLC, a Florida Limited Liability
Company, and POINT CONVERSIONS, LLC, a
Delaware Limited Liability Company,

    Defendants.
_____

POINT CONVERSIONS, LLC, a Delaware
Limited Liability Company,

    Counterclaim Plaintiff,

v.

TROPICAL PARADISE RESORTS, LLC,
d/b/a RODEWAY INN & SUITES, a Florida Limited
Liability Company, and CHOICE HOTELS
INTERNATIONAL, INC., a Maryland Corporation,

    Counterclaim Defendants.
_____

## ORDER DENYING MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Defendant/Counterclaim Plaintiff Point Conversions, LLC's ("Point Conversions") Motion to Reconsider, ECF No. [116] (the "Motion"). In its Motion, Point Conversions argues that the Court erred in dismissing its Florida Deceptive and Unfair Trade Practice Act ("FDUTPA") counterclaims. ECF No. [112] ("Order"). The Court has carefully reviewed the Motion, the record in this case and the

applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

A motion for reconsideration requests the Court to grant "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). A party may not use a motion for reconsideration to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). "This prohibition includes new arguments that were 'previously available, but not pressed.'" *Id.* (quoting *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998) (per curiam).

Within this framework, however, a court may grant reconsideration due to (1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or prevent manifest injustice. *Hood v. Perdue*, 300 F. App'x 699, 700 (11th Cir. 2008). Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (internal quotation marks omitted).

Point Conversions' FDUTPA counterclaims assert that Rodeway and Choice Hotels have provided their customers rewards/loyalty points that infringe the alleged patents such that the points' value is diminished by an alleged attendant "litigation liability." *See* ECF No. [50] at Counts I, II, and III. In the Order, the Court concluded that Point Conversions' FDUTPA

counterclaims are preempted by federal patent law. On reconsideration, Point Conversions argues that the Court erred and manifest injustice resulted from the dismissal of its FDUTPA counterclaims. Point Conversions contends that a finding that Rodeway and Choice Hotels committed unfair or deceptive acts or practices would not conflict with federal patent law. Point Conversions points to cases holding that state law claims brought in support of a patent right are not preempted if they include additional elements not found in the federal patent law cause of action. Lastly, Point Conversions argues that dismissal of its counterclaims is premature because conflict preemption is an affirmative defense which has not yet been raised.

In Response, Rodeway and Choice Hotels counter that the Court correctly found that the FDUTPA counterclaims require a determination of patent law issues, specifically, whether Rodeway and Choice Hotels have provided their customers rewards/loyalty points that infringe the alleged patents such that the points' value is diminished by the alleged attendant "litigation liability." Because the FDUTPA claims hinge on a determination of patent infringement, which is a question reserved exclusively for federal patent law, Point Conversions' claims are preempted. Upon review, the Court concludes that Point Conversions' Motion does not establish clear error or manifest injustice.

As an initial matter, Point Conversions is correct that a state law claim requiring determination of an issue of patent law is not preempted for that reason alone. *See Rodime PLC v. Seagate Tech., Inc.,* 174 F.3d 1294, 1306 (Fed. Cir. 1999) (state law tort claims that "include additional elements not found in the federal patent law cause of action and ... are not an impermissible attempt to offer patent-like protection to subject matter addressed by federal law" are not preempted). However, courts have found that state law claims that hinge entirely on whether defendant infringed plaintiff's patent are preempted. *See, e.g.*, *Knova Software, Inc. v.*

3

*Inquira, Inc.*, No. CIV.A.06 381 JJF, 2007 WL 1232186, at *3 (D. Del. Apr. 27, 2007) (finding unfair competition claim preempted by federal patent law because plaintiffs "have not alleged any conduct in support of the state law claim beyond the acts alleged in support of their patent infringement claims"); *Mayo Clinic Jacksonville v. Alzheimer's Inst. of Am., Inc.*, No. 8:05-CV-1049-T-23TBM, 2009 WL 1850190, at *4 (M.D. Fla. June 26, 2009) (finding unjust enrichment claims preempted by federal patent law because plaintiff failed to "plead conduct in violation of [state law] that is separate and independent from its patent law claim"); *Carson Optical, Inc. v. Prym Consumer USA, Inc.*, 11 F. Supp. 3d 317, 329 (E.D.N.Y. 2014) (finding plaintiffs' unfair competition and tortious interference claims preempted by federal patent law "due to the absence of allegations of additional tortious conduct that is separate from the patent law cause of action").

This principle was well-illustrated in *Bytemark*, where the court considered whether an unfair competition claim was preempted by federal patent law. *Bytemark, Inc. v. Xerox Corp.*, No. 17 CIV. 1803 (PGG), 2018 WL 4571675, at *5 (S.D.N.Y. Sept. 24, 2018). There, the unfair competition claim was premised in part on a "reverse passing off" theory – a claim that defendant misrepresented the plaintiff's work as its own – and in part on a misappropriation theory. *Id.* at *5 (S.D.N.Y. Sept. 24, 2018). There, the court found that to the extent that the unfair competition claim is based on "reverse passing off" it is preempted because "the claim is essentially a claim for the unauthorized use of a patented product and does not contain an extra element to qualitatively differentiate it from one of patent infringement." *Id.* (quotations omitted). In contrast, the unfair competition claim is not preempted to the extent it is premised on a misappropriation theory "because Plaintiff's misappropriation claim does not turn solely on allegations that Defendants infringed on Plaintiff's patents." *Id.*

Here, Point Conversions' FDUTPA counterclaims depend entirely on whether Rodeway and Choice Hotel's infringed the patent at issue. In its Amended Counterclaim, Point Conversions defines "litigation liability" as the "economic value associated with a reasonable risk for violations of intellectual property rights of another." ECF No. [50] at ¶ 151. Point Conversions' FDUTPA counterclaims are merely a parallel way of enforcing patent rights. Accordingly, the Court did not err in concluding that Point Conversions FDUTPA counterclaims are preempted by federal patent law.

As to Point Conversions' argument that dismissal of its counterclaims is premature, Point Conversions raises this argument for the first time on reconsideration. As explained above, a motion for reconsideration may not be used to make new arguments that were previously available, but not pressed. Thus, Point Conversion's new argument is impermissible on reconsideration. Even if the Court were to consider the argument that dismissal was premature, it would fail. State law claims are routinely dismissed due to conflict preemption at the motion to dismiss stage. *See, e.g.*, *Bytemark, Inc.*, at \*5; *Knova Software, Inc.* 2007 WL 1232186, at \*3; *Mayo Clinic Jacksonville*, 2009 WL 1850190, at \*5; *Carson Optical, Inc.*, 11 F. Supp. 3d at 333. Here, the Court need not engage in any factual determination to find preemption.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion to Reconsider, **ECF No. [116]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 2nd day of January, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

5

Copies to:

Counsel of Record