**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 18-cv-60912-BLOOM/Valle**

TROPICAL PARADISE RESORTS, LLC, d/b/a
RODEWAY INN & SUITES, a Florida Limited
Liability Company,

    Plaintiff,

v.

JBSHBM, LLC, a Florida Limited Liability
Company, and POINT CONVERSIONS, LLC, a
Delaware Limited Liability Company,

    Defendants.
_____

POINT CONVERSIONS, LLC, a Delaware
Limited Liability Company,

    Counterclaim Plaintiff,

v.

TROPICAL PARADISE RESORTS, LLC,
d/b/a RODEWAY INN & SUITES, a Florida Limited
Liability Company, and CHOICE HOTELS
INTERNATIONAL, INC., a Maryland Corporation,

    Counterclaim Defendants.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATIONS**

**THIS CAUSE** is before the Court upon Plaintiff/Counterclaim Defendant Tropical Paradise Resorts, LLC ("Rodeway") and Counterclaim Defendant Choice Hotels International, Inc.'s ("Choice") (collectively, "Hotels") Motion for Prevailing Party Fees and Costs Pursuant to Florida's Deceptive and Unfair Trade Practices Act (FDUTPA), ECF No. [147] ("Motion"), which was filed after the Court of Appeals for the Eleventh Circuit affirmed, ECF No. [142], this Court's

Case No. 18-cv-60912-BLOOM/Valle

Order on Motions to Dismiss, ECF No. [112]. Defendant/Counterclaim Plaintiff Point Conversions, LLC ("Point Conversions") opposes the Motion. *See* ECF No. [151].

The Motion was previously referred to the Honorable Alicia O. Valle, United States Magistrate Judge, for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Magistrate Judge Rule 1. ECF No. [148]. On April 30, 2021, Judge Valle issued her Report and Recommendation to District Judge, ECF No. [161] ("Report"), recommending that Hotels' Motion be granted in part and denied in part and advising the parties that any objections were due within fourteen days of being served with a copy of the Report. *Id.* at 23; *see also* 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy [of a report and recommendations], any party may serve and file written objections . . . as provided by rules of court."). To date, neither party has filed timely objections to Judge Valle's Report.

However, on May 14, 2021—the deadline to file any objections to Judge Valle's Report—Point Conversions instead filed a Motion for Leave to File Amended Response in Opposition to Hotels' Motion for Prevailing Party Fees and Costs [D.E. 147] or Alternatively the Objections to the Report and Recommendation to the District Judge [D.E. 161]. ECF No. [162] ("Motion to Amend Response"). In its Motion to Amend Response, Point Conversions first states that there is some alleged conflict of interest arising from Reed Smith, LLP's joint representation of Hotels.[1] Additionally, Point Conversion reargues its position that Hotels' Motion was untimely and/or prematurely filed, which Judge Valle addressed and properly rejected in her Report. *See* ECF No. [161] at 8 n.5.

---

[1] Notably, however, Point Conversions fails to explain why this accusation of a conflict of interest is in any way relevant to the instant Motion, which concerns an award of fees and costs under FDUTPA. Rather, this point appears to be yet another attempt by Point Conversions to relitigate substantive issues previously dismissed by this Court and affirmed by the Eleventh Circuit.

2

Finally, the Motion to Amend Response takes issue with the fact that Point Conversions failed to address in its original response to the Motion the factors courts consider when deciding whether to award attorneys' fees to a prevailing party under FDUTPA. *See Humane Soc'y of Broward Cnty., Inc. v. Fla. Humane Soc'y*, 951 So. 2d 966, 971 (Fla. 4th DCA 2007) ("*Human Society*") (setting forth a non-exhaustive list of factors the court may consider in determining whether to exercise its discretion to award fees under FDUTPA). However, Point Conversions cites to no authority to support its self-proclaimed entitlement to present new arguments after the close of briefing—and after Judge Valle issued her well-reasoned Report. Moreover, these arguments were originally available to Point Conversions, yet it chose not to address them in its original response. Indeed, it is well established that arguments that are not raised are waived, and Point Conversion fails to establish why any departure from this longstanding rule would be warranted here. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("[I]issues not raised [] are normally deemed waived." (citing *United States v. Everett*, 129 F.3d 1222, 1225 (11th Cir. 1997))). Point Conversion had ample opportunity to address the *Humane Society* factors over the five-month period during which Hotels' Motion was pending but it failed to do so. This failure—and the resulting waiver of any potential arguments in opposition—cannot now be justified as "excusable neglect or otherwise," *see* ECF No. [162] at 7, as Point Conversion claims. As such, the Motion to Amend Response is denied.

Nevertheless, the Court has also conducted a *de novo* review of the Report, the record in this case, the applicable law, and is otherwise fully advised. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)). Upon careful review, the Court finds Judge Valle's Report to be well-reasoned and correct. The Court agrees with the analysis in the Report and concludes that Hotels' Motion should be granted in part and denied in part for the reasons set forth therein.

Case No. 18-cv-60912-BLOOM/Valle

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Judge Valle's Report, **ECF No. [161]**, is **ADOPTED.**

2. Hotels' Motion for Prevailing Party Fees and Costs Pursuant to Florida's Deceptive and Unfair Trade Practices Act, **ECF No. [147]**, is **GRANTED in part and DENIED in part**. Plaintiff/Counterclaim Defendant Tropical Paradise Resorts, LLC and Counterclaim Defendant Choice Hotels International, Inc. are awarded **$233,657.73** in attorneys' fees and **$16,037.52** in costs.

3. The Court retains jurisdiction to enforce or modify this award to account for any additional fees and/or costs incurred by Hotels in connection with this action.

4. Point Conversions' Motion for Leave to File Amended Response in Opposition to Hotels' Motion for Prevailing Party Fees and Costs [D.E. 147] or Alternatively the Objections to the Report and Recommendation to District Judge [D.E. 161], **ECF No. [162]**, is **DENIED**.

5. The Clerk of Court is directed to **CLOSE** this case.

6. To the extent not otherwise disposed of, any pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 21, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

4