UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-60912-BLOOM/Valle

TROPICAL PARADISE RESORTS, LLC, d/b/a
RODEWAY INN & SUITES, a Florida Limited
Liability Company,

    Plaintiff,

v.

JBSHBM, LLC, a Florida Limited Liability
Company, and POINT CONVERSIONS, LLC, a
Delaware Limited Liability Company,

    Defendants.
_____

POINT CONVERSIONS, LLC, a Delaware
Limited Liability Company,

    Counterclaim Plaintiff,

v.

TROPICAL PARADISE RESORTS, LLC,
d/b/a RODEWAY INN & SUITES, a Florida Limited
Liability Company, and CHOICE HOTELS
INTERNATIONAL, INC., a Maryland Corporation,

    Counterclaim Defendants.
_____/

**ORDER AWARDING ATTORNEYS' FEES AND COSTS**

**THIS CAUSE** is before the Court upon Plaintiff/Counterclaim Defendant Tropical Paradise Resorts, LLC d/b/a Rodeway Inn & Suites and Counterclaim Defendant Choice Hotels International, Inc.'s (collectively, "Hotels") Notice of Filing Declaration Pursuant to the Court's October 21, 2021 Order, ECF No. [174] ("Notice"). The Court has reviewed the Notice, the attached exhibits, the record in this case, the applicable law, and is otherwise fully advised. For

Case No. 18-cv-60912-BLOOM/Valle

the reasons set forth below, the Court awards attorneys' fees and costs to Hotels consistent with this Order.

In general, the court has broad, inherent authority to control discovery and may, upon motion by the requesting party, compel "an answer, designation, production, or inspection" if "a corporation or other entity fails to make a designation under Rule 30(b)(6)" or if "a party fails to produce documents or fails to respond that inspection will be permitted." Fed. R. Civ. P. 37(a)(3)(B). If the court grants a motion to compel, the court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The court may not order such payment if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*

On October 5, 2021, Defendant Point Conversions, LLC's ("PC") corporate representative failed to appear for a properly-noticed deposition and comply with discovery obligations in aid of execution of this Court's final judgment. *See* ECF No. [169]. On October 12, 2021, Hotels filed a Motion to Compel and for Discovery Sanctions ("Motion to Compel"). *See id*. The Court subsequently ordered PC to respond to the Motion to Compel. *See* ECF No. [170]. On October 21, 2021, after PC failed to respond to the Motion to Compel, the Court granted an award of reasonable attorneys' fees and costs to Hotels as a result of PC's corporate representative's failure to attend the October 5, 2021 deposition. *See* ECF No. [171] at 3. The Court ordered that Hotels' Counsel and PC's Counsel confer and attempt in good faith to reach an agreement on the amount of attorney's fees and costs to be paid by PC. *See id.* at 3-4. The Court further ordered that if the Parties could not agree on the amount, within fourteen (14) days of Counsels' conferring, or

Case No. 18-cv-60912-BLOOM/Valle

attempting to confer, Hotels shall file an affidavit setting forth the hourly rate for Hotels' Counsel, the number of hours expended, and costs. *See id.* at 4.

The Notice states that the Parties conferred on November 9, 2021, but were unable to agree on the amount of fees and costs at issue. Hotels further state that they incurred a total of $5,547.69 in fees for seventeen (17) hours of work and $515 in costs. *See* ECF No. [174]. Hotels state that they calculated the $5,547.69 in fees using the hourly rates that this Court previously found reasonable, *see* ECF Nos. [161], [163], and applied a 10% discount afforded to Hotels on the total fees, *see* ECF No. [174] at 4-5. Hotels' exhibits include time entries and invoices detailing Hotels' Counsel's fees and costs. *See* ECF No. [174-1].

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Hotels' Notice, **ECF No. [174]**, is **APPROVED**.
2. Hotels are awarded $5,547.69 in fees to be paid by PC.
3. Hotels are awarded $515.00 in costs to be paid by PC.
4. Post-judgment interest shall accrue pursuant to 28 U.S.C. § 1961.
5. Parties shall file proof of compliance on or before **January 31, 2022**.
6. Hotels shall have the right to immediately initiate proceedings supplementary to and in aid of execution of this Order and to request such other relief deemed proper.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 16, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record