UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-60912-BLOOM/Valle

TROPICAL PARADISE RESORTS, LLC, d/b/a
RODEWAY INN & SUITES, a Florida Limited
Liability Company,

    Plaintiff,

v.

JBSHBM, LLC, a Florida Limited Liability
Company, and POINT CONVERSIONS, LLC, a
Delaware Limited Liability Company,

    Defendants.
_____

POINT CONVERSIONS, LLC, a Delaware
Limited Liability Company,

    Counterclaim Plaintiff,

v.

TROPICAL PARADISE RESORTS, LLC,
d/b/a RODEWAY INN & SUITES, a Florida Limited
Liability Company, and CHOICE HOTELS
INTERNATIONAL, INC., a Maryland Corporation,

    Counterclaim Defendants.
_____/

**OMNIBUS ORDER ON MOTION TO VACATE DEFAULT
AND MOTION FOR FINAL DEFAULT JUDGMENT**

**THIS CAUSE** is before the Court upon Supplemental Plaintiff/Judgment-Creditor Choice Hotels International Inc.'s ("Choice") Motion for Final Default Judgment against Supplemental Defendant Kenneth Ferguson ("Ferguson"), ECF No. [267], ("Motion for Default Judgment") and Ferguson's Motion to Set Aside Default, ECF No. [270] ("Motion to Vacate Default"). The Court has reviewed the Motion for Default Judgment and the Motion to Vacate Default, the record in

this case, the relevant law and is otherwise fully advised. For the reasons set forth below, the Motion to Vacate Default is denied, and the Motion for Default Judgment is granted.

## I.  BACKGROUND

Choice brought this supplemental proceeding in aid of execution of this Court's Final Judgment ("Final Judgment") against Point Conversions LLC ("PC"). ECF No. [163]. In its Supplemental Complaint[1], Choice brought two claims for fraudulent transfer against PC and JBSHBM LLC ("JBSHBM"), ECF No. [178] at ¶¶ 172-195, and sought to hold PC's and JBSHBM's members liable for the Final Judgment through a veil-piercing/alter ego claim. *Id.* at ¶¶ 196-206. PC's and JBSHBM's members are former supplemental defendants Brian Buchheit, Sean McGhie, John Hanson, and AMD Equities LLC, as well as remaining supplemental defendant Ferguson, who was PC's counsel in the underlying action and the more than 45 other cases ("State Cases") PC brought against Choice's franchisees throughout Florida. *See id*. at ¶¶ 18, 75-76, 129.

On January 13, 2022, Choice served Ferguson with the summons and Supplemental Complaint at his office located at 1 E Broward Blvd., Suite 700. ECF Nos. [189-2], [253-1]. On January 24, 2022, Ferguson emailed counsel for Choice from his wayne@fergusonlawpa.com email address. ECF No. [253-2]. Referring to the Supplemental Complaint, Ferguson stated: "As I am a sole practitioner ***and I see a lawsuit has been filed against me***, I need to withdrawal as PC's counsel given its arising in part out of the same case." *Id.* (emphasis added). On January 31, 2022, Defendant filed his first Motion to Withdraw as Counsel. ECF No. [185]. The Court denied

---

[1] Because the Clerk entered default against Ferguson prior to Choice filing its Amended Supplemental Complaint, ECF No. [226], the Court analyzes the original pleading on which Ferguson defaulted.

Ferguson's Motion to Withdraw as Counsel without prejudice for failure to comply with Local Rule 11.1(d)(3).

On February 11, 2022, this Court ordered Defendant to respond to the Supplemental Complaint, ECF No. [178], by February 15, 2022, warning that his "[f]ailure to do so may result in appropriate sanctions, including the entry of default." ECF No. [192]. On February 16, 2022, the Clerk of Court entered a default against Ferguson for failing to respond to the Supplemental Complaint. ECF No. [201].

On June 20, 2022, Ferguson filed an Unopposed Renewed Motion to Withdraw as Counsel and Motion to Vacate Default entered against him and PC. ECF No. [237]. The Motion was referred, and the Court adopted the Magistrate Judge's R&R, granting Ferguson's Motion to Withdraw as Counsel and denying without prejudice the request to set aside the defaults against PC and Ferguson. ECF No. [256]. The Court indicated that Ferguson and PC may file a renewed motion seeking to set aside the default if necessary. *Id*. The Order indicated that the case was stayed until September 12, 2022. *Id*. Ultimately, the stay extended nearly four months, at the conclusion of which the former supplemental defendants negotiated and executed a Confidential Settlement Agreement with Choice to resolve this supplemental proceeding and the State Cases. ECF No. [265]. Ferguson did not join in the settlement

On October 18, 2022, the Court lifted the stay as to Ferguson, who is now the only remaining supplemental defendant in this action. *See* ECF Nos. [264], [266]. On November 21, 2022, Choice filed its Motion for Default Judgment. ECF No. [267]. The same day, Ferguson sent an email to counsel and the Court stating, "I have never been served. I'd like an opportunity to answer." ECF No. [268]. On December 8, 2022, the Court entered an Order to Show Cause after Ferguson did not respond to the Motion for Default Judgment by the applicable deadline and

3

required that he respond or move to set aside the Clerk's Default by December 13, 2022. ECF No. [269]. On December 13, 2022, Ferguson then filed his Motion to Set Aside Default, ECF No. [270], to which Choice filed a Response, ECF No. [273].

## II.     LEGAL STANDARD

### A.     Vacate Default

Rule 55(c) of the Federal Rules of Civil Procedure provides that the Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "Good cause" is a "mutable" and "liberal" standard, "varying from situation to situation" depending on the facts of a given case. *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). The good cause standard that is utilized in setting aside an entry of default is less rigorous than the required showing to set aside a default judgment. *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990). Further, the Eleventh Circuit maintains a "strong policy of determining cases on their merits and we, therefore, view defaults with disfavor." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). In considering whether to set aside a clerk's entry of default, "[c]ourts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana*, 88 F.3d at 951.

### B.     Default Judgment

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter default judgment against a defendant who fails to plead or otherwise defend. Fed. R. Civ. P. 55(b)(2). "[B]efore entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (emphasis

in original). "[A] default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) (citations omitted).

If the complaint states a claim, the Court must then determine the amount of damages and, if necessary, "may conduct hearings . . . [to] determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(B). However, where all the essential evidence to determine damages is on the paper record, an evidentiary hearing on damages is not required. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone . . . no such hearing is required where all essential evidence is already of record.") (citations omitted); *see also Evans v. Com. Recovery Sys., Inc.*, No. 13-61031-CIV, 2013 WL 12138555, at *1 (S.D. Fla. Aug. 26, 2013) (following the entry of a default judgment, damages may be awarded 'without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation,' so long as all essential evidence is a matter of record." (citation omitted)).

### III.   DISCUSSION

#### A.   No Good Cause to Vacate Default

Ferguson argues that there is good cause to vacate default, that any delay was the result of excusable neglect, there has been no prejudice to Choice, and that he has a meritorious defense. Choice responds that Ferguson fails to satisfy his burden of proving good cause, his determined inaction does not justify the resulting prejudice on Choice, and his purportedly meritorious defense is unavailing.

##### i.   Whether the Default is Culpable or Willful

"[A] 'party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings.'" *S.E.C. v. Johnson*, 436 F. App'x 939, 945 (11th Cir. 2011) (quoting *Compania Interamericana*, 88 F.3d at 951). By contrast, a brief delay resulting from, as examples, inadvertence or mistake, or confused litigation or case management strategy, will not vitiate good

5

cause. *See, e.g., Lopez v. Colonial Grp. of Am. Corp.*, No. 12-22208-Civ., 2013 WL 1503260, at *2 (S.D. Fla. Apr. 12, 2013) (determining that delay was neither willful nor culpable where defendant moved to vacate sixteen days after entry due to mistaken litigation strategy); *S.E.C. v. Altomare*, No. 14-61196-CIV, 2014 WL 4388614, at *2 (S.D. Fla. Sept. 5, 2014) (considering request for vacatur after two weeks as a "rapid" response, evidencing a lack of culpable disregard for the missed deadlines); *Rodriguez v. Brim's Food, Inc.*, No. 13-cv-20600, 2013 WL 3147348, at *2 (S.D. Fla. June 19, 2013) (motion to vacate default by newly retained counsel eleven days after deadline showed that there was "no willful disregard involved as a reason for their failure to respond"); *Joseph v. Mortgage Experts of S. Fla., Inc.*, No. 12-CV-23884, 2013 WL 2384247, at *2 (S.D. Fla. May 30, 2013) (same, with six-week delay).

Ferguson argues that he was not culpable or willful in defaulting but that he was trying to avoid improper conflicts of interests and that he was hospitalized during the relevant period. Choice responds that Ferguson's default was willful and that neither of the proffered justifications constitute good cause. The Court agrees with Choice.

It is undisputed that Ferguson had actual notice that he was a named defendant in this case by, at the latest January 24, 2022, when he emailed counsel for Choice and wrote, "As I am a sole practitioner and I see a lawsuit has been filed against me, I need to withdrawal [sic] as PC's counsel given its arising in part out of the same case." ECF No. [253-2]. Ferguson's response to the Supplemental Complaint was due on February 3, 2022, or by the Court's Order Requiring Response to Complaint, ECF No. [192], by February 15, 2022. The reasons proffered by Ferguson for his failure to respond do not support even the bare minimum showing necessary to obtain relief under Rule 55(c). *See Baker v. Warner/Chappell Music, Inc.*, 2015 WL 1534522, at *3 (S.D. Fla. Apr. 6, 2015) ("To obtain relief under Rule 55(c), the movant must only make a 'bare minimum

6

showing' to support its claim for relief." (quoting *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988)).

Ferguson contends that because he represented PC, he was trying to avoid improper conflicts of interest by not responding as required. Ferguson's purported desire to avoid an improper conflict of interest would not have prevented him from seeking an extension of time in which to respond to the Complaint until he was able to withdraw from the representation of PC and avoid any conflict and alert the Court to same. Tellingly, on January 31, 2022, Ferguson filed his motion to withdraw in which such a request could have been made but was not. *See* ECF No. [185].

Ferguson also represents that he was hospitalized for roughly two months which should constitute good cause to grant his Motion to Vacate Default. Documentation of his stay in the hospital, ECF No. [237], reflects that he was not admitted until February 19, 2022, four days after his response was due. The Court therefore does not find that Ferguson has provided good cause for his failure to answer or respond.

"If a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief. Moreover, when a litigant has been given ample opportunity to comply with court orders but fails to effect any compliance, the result may be deemed willful." *S.E.C. v. Johnson*, 436 F. App'x at 945. (internal citations and quotation marks omitted). The Court concludes that Ferguson's default was willful since he knew of the Complaint against him, failed to respond by February 3, 2022, failed again to respond when the Court ordered a response by February 15, 2022, actively participated in filing documents on behalf of his client PC in the period in which his response or answer were due, and did not respond or request an extension of time to do so. "[I]f a party willfully defaults by

displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." *Compania Interamericana*, 88 F.3d at 952-52. Having determined that Ferguson's default was willful, the Court does not reach the other factors and denies Ferguson's Motion to Vacate Default.

### B. Default Judgment

#### i. Well-Pled Allegations State a Claim for Relief

In the Supplemental Complaint, Choice alleged that Ferguson knowingly created and structured JBSHBM and PC for the purpose of defrauding future creditors, including Choice, and actually defrauded Choice. ECF No. [226] at ¶¶ 148-171, 196-206.

In the context of a supplementary proceeding, alter ego/veil-piercing is a standalone cause of action to hold supplemental defendants liable to the same extent as the judgment debtor. To that end, a judgment creditor may implead an alleged alter ego and seek to hold it liable to the same extent as the judgment debtor in either of two ways: (1) the judgment creditor may file a declaration that satisfies the requirements of Fla. Stat. § 56.29(2) and request that the Court issue a Notice to Appear to the alleged alter ego, *see Floridians for Solar Choice, Inc. v. PCI Consultants, Inc.*, 15-CV-62688, 2019 WL 2297524, at *2 (S.D. Fla. May 30, 2019), or (2) the judgment creditor may file and serve the alleged alter ego with a supplemental complaint that includes a count for alter ego/veil piercing liability as well as a Notice to Appear that complies with Fla. Stat. § 56.29(2), *see, e.g.*, *W.P. Productions, Inc. v. Tramontina U.S.A., Inc.*, 18-CV-63162, 2021 WL 1907029, at *1-*2 (S.D. Fla. May 12, 2021); *SMS Fin. J, LLC v. Cast-Crete Corp.*, 818MC00008CEHJSS, 2018 WL 1726434, at *2-*3 (M.D. Fla. Apr. 10, 2018).

Here, Plaintiffs filed and served the alleged alter ego with a Supplemental Complaint that includes a count for alter ego/veil piercing liability and a summons rather than a statutory notice to appear. Despite appearing and being given the opportunity to file a response to the Motion for

Default Judgment, Ferguson did not challenge Choice's use of a summons rather than a Statutory Notice to appear. The Supplemental Complaint provided Ferguson with the information necessary to prepare a response. The Court therefore finds that Ferguson waived his opportunity to challenge the lack of issuance of a Notice to Appear and proceeds to assess whether the allegations in the Supplemental Complaint state a claim for relief against Ferguson. *See In re Caffey*, 384 Fed. Appx. 882, 884 (11th Cir. 2010) ("objections to insufficient service of process are deemed waived if not first made in a Rule 12 motion or responsive pleading") (citing Fed. R. Civ. P. 12(h)).

To pierce the corporate veil under Florida law, "the plaintiff must prove that: (1) the *shareholder* dominated and controlled the corporation to such an extent that the corporation's independent existence, was in fact non-existent and the *shareholders* were in fact alter egos of the corporation; (2) the corporate form must have been used fraudulently or for an improper purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1349 (11th Cir. 2011) (quoting *Gasparini v. Pordomingo*, 972 So.2d 1053, 1055 (Fla. 3d DCA 2008)) "[W]hen analyzing a veil-piercing claim under a motion to dismiss, a court must take stock that 'the issue is not whether the plaintiff may ultimately prevail on the piercing the corporate veil theory, but whether the allegations are sufficient to allow them to conduct discovery in an attempt to prove their allegations.'" *Zhejiang Dushen Necktie Co., Ltd. v. Blue Med, Inc.*, 16-24679-CIV, 2017 WL 4119604, at *5 (S.D. Fla. Sept. 18, 2017) (quoting *Jackam v. Hosp. Corp. of Am. Mideast*, 800 F.2d 1577, 1579-80 (11th Cir. 1986)). Rule 9(b)'s heightened pleading standard does not apply to alter ego/veil piercing claims. *Id.* at *4.

As to the first element of a veil-piercing claim—the defendants' dominion and control over the company—the plaintiff must allege "a blurring of corporate lines, such as ignoring corporate

9

formalities" or commingling corporate funds with personal funds. *Id*. at *5. As to the second and third elements of a veil-piercing claim, Florida law "is that a corporate veil will be pierced where it is shown that the corporation was organized or used for an improper purpose such as to mislead creditors." *Id*. at *3 (quoting *In re F & C Servs., Inc.*, 44 B.R. 863, 868 (Bankr. S.D. Fla. 1984)).

Here, Choice alleged facts establishing that Ferguson was indistinguishable from PC and that he was among the Members that created and structured PC and JBSHBM for the purposes of defrauding future creditors, including Choice, which has suffered damages as a result. ECF No. [178] at ¶¶ 26, 74-76, 79, 101, 116, 148-171. Choice has therefore sufficiently alleged that Ferguson is an alter ego and that the veil can be pierced so Ferguson can be held liable for the amount due on the judgment against PC.

Thus, the well-pled allegations of the Supplemental Complaint, which are assumed to be true, adequately state a claim for which relief may be granted against Ferguson.

### ii. Damages are for a Sum Certain

If the Complaint states a claim, the Court must then determine the amount of damages and, if necessary, "may conduct hearings . . . [to] determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(B). However, where all the essential evidence to determine damages is on the paper record, an evidentiary hearing on damages is not required. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone . . . no such hearing is required where all essential evidence is already of record.") (citations omitted); *see also Evans v. Com. Recovery Sys., Inc.*, No. 13-61031-CIV, 2013 WL 12138555, at *1 (S.D. Fla. Aug. 26, 2013) (following the entry of a default judgment, damages may be awarded 'without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation,' so long as all essential evidence is a matter of record." (citation omitted)).

Case No. 18-cv-60912-BLOOM/Valle

Here, no hearing is necessary. The record establishes that Ferguson, the only remaining defendant, is liable to Choice for $106,696.25, which is the outstanding balance of the Final Judgment. ECF No. [267-3].

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Ferguson's Motion to Vacate Default**, ECF No. [270]**, is **DENIED**.

2. Choice's Motion for Default Judgment, **ECF No. [267],** is **GRANTED**.

3. Final Judgment will be entered by separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 9, 2023.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record